IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

RAYMON LEVI HUNTER,

      Plaintiff,

      v.                                 CASE NO.  25-3215-JWL

RICE COUNTY, KANSAS,

      Defendant.

## MEMORANDUM AND ORDER TO SHOW CAUSE

Plaintiff Raymon Levi Hunter is hereby required to show good cause, in writing to the undersigned, why this action should not be dismissed due to the deficiencies in Plaintiff's Complaint that are discussed herein.

## I.  Nature of the Matter before the Court

On October 6, 2025, Plaintiff filed this pro se civil rights action under 42 U.S.C. § 1983. Although Plaintiff listed the Rice County Detention Center as his address on his Complaint, the Court changed Plaintiff's address to the Harvey County Detention Center based on his change of address submitted in Case No. 25-3186.  *See Hunter v. Johnson*, Case No. 25-3186-JWL, Doc. 8 (Plaintiff's October 6, 2025 notice indicating he was being transferred to the Harvey County Jail). On October 22, 2025, Plaintiff submitted a change of address noting that he is now out of custody. The Court granted Plaintiff leave to proceed in forma pauperis.

Plaintiff alleges that he was held in jail past his September 21, 2025 release date and was not released until September 28, 2025.  (Doc. 1, at 2.)  Plaintiff alleges that he was supposed to be released on September 21, 2025, at 3:00 am, after serving his 180-day sentence.  *Id*. at 3.

Plaintiff attaches a sheet setting forth the days he was allegedly in custody for Rice County Case No. 24CR61 as follows:

> 20 days:   20 days credit in Rice County Detention Center
> 22 days:  Arrested March 27, 2025, held until April 18, 2025, then O/Red.
> 146 days:  Served warrant for 24CR61 on May 6, 2025, held until September 29, 2025.
> _____
> Total 188 days

*Id.*

Plaintiff names Rice County, Kansas, as the sole defendant.  Plaintiff seeks $10,500 for "pain and suffering and lost wages."  *Id.* at 5.

## II.  Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48 (1988) (citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992).  A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  In addition, the court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th

Cir. 2006).  On the other hand, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

A pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based."  *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action."  *Twombly*, 550 U.S. at 555 (citations omitted).  The complaint's "factual allegations must be enough to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face."  *Id.* at 555, 570.

The Tenth Circuit Court of Appeals has explained "that, to state a claim in federal court, a complaint must explain what each defendant did to [the *pro se* plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated."  *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).  The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf."  *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citation omitted).

The Tenth Circuit has pointed out that the Supreme Court's decisions in *Twombly* and *Erickson* gave rise to a new standard of review for § 1915(e)(2)(B)(ii) dismissals.  *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (citations omitted); *see also Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009).  As a result, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief."  *Kay*, 500 F.3d at 1218 (citation omitted).  Under this new standard, "a plaintiff must 'nudge his claims across the

line from conceivable to plausible.'" *Smith*, 561 F.3d at 1098 (citation omitted). "Plausible" in this context does not mean "likely to be true," but rather refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not "nudged [his] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, 127 S. Ct. at 1974).

## III. DISCUSSION

### 1. *Younger* Abstention

It appears that Plaintiff's Rice County criminal case may still be pending. Online records show that Plaintiff filed a document on October 30, 2025, requesting an extension of time to appeal his sentence in Case No. 2024-CR-000061. To the extent Plaintiff's claims relate to his state court proceedings in Rice County, Kansas, the Court would be prohibited from hearing Plaintiff's claims regarding his state court proceedings under *Younger v. Harris*, 401 U.S. 37, 45 (1971). "The *Younger* doctrine requires a federal court to abstain from hearing a case where . . . (1) state judicial proceedings are ongoing; (2) [that] implicate an important state interest; and (3) the state proceedings offer an adequate opportunity to litigate federal constitutional issues." *Buck v. Myers*, 244 F. App'x 193, 197 (10th Cir. 2007) (unpublished) (citing *Winnebago Tribe of Neb. v. Stovall*, 341 F.3d 1202, 1204 (10th Cir. 2003); *see also Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)). "Once these three conditions are met, Younger abstention is non-discretionary and, absent extraordinary circumstances, a district court is required to abstain." *Buck*, 244 F. App'x at 197 (citing *Crown Point I, LLC v. Intermountain Rural Elec. Ass'n*, 319 F.3d 1211, 1215 (10th Cir. 2003)).

If Plaintiff's state court proceedings are pending, the first and second conditions for

*Younger* abstention would be met because Kansas undoubtedly has an important interest in enforcing its criminal laws through criminal proceedings in the state's courts. *In re Troff*, 488 F.3d 1237, 1240 (10th Cir. 2007) ("[S]tate control over criminal justice [is] a lynchpin in the unique balance of interests" described as "Our Federalism.") (citing *Younger*, 401 U.S. at 44). Likewise, the third condition would be met because Kansas courts provide Plaintiff with an adequate forum to litigate his constitutional claims by way of pretrial proceedings, trial, and direct appeal after conviction and sentence, as well as post-conviction remedies. *See Capps v. Sullivan*, 13 F.3d 350, 354 n.2 (10th Cir. 1993) ("[F]ederal courts should abstain from the exercise of . . . jurisdiction if the issues raised . . . may be resolved either by trial on the merits in the state court or by other [available] state procedures.") (quotation omitted); *see Robb v. Connolly*, 111 U.S. 624, 637 (1984) (state courts have obligation 'to guard, enforce, and protect every right granted or secured by the constitution of the United States . . . .'"); *Steffel v. Thompson*, 415 U.S. 452, 460–61 (1974) (pendant state proceeding, in all but unusual cases, would provide federal plaintiff with necessary vehicle for vindicating constitutional rights).

"[T]he *Younger* doctrine extends to federal claims for monetary relief when a judgment for the plaintiff would have preclusive effects on a pending state-court proceeding." *D.L. v. Unified Sch. Dist. No. 497*, 392 F.3d 1223, 1228 (10th Cir. 2004). A claim for monetary relief may be stayed pending the resolution of the pending criminal charges. *See Garza v. Burnett*, 672 F.3d 1217, 1220 (10th Cir. 2012) (citing *Wallace v. Kato*, 549 U.S. 384, 393 (2007)); *Myers v. Garff*, 876 F.2d 79, 81 (10th Cir. 1989) (directing district court to stay claim for damages).

Plaintiff should show good cause why the Court should not abstain from hearing any claims that relate to pending state court proceedings in the District Court of Rice County, Kansas. Plaintiff should also indicate if he is seeking a stay of this case.

## 2. Jail Credit

A § 2241 petition is appropriate when a prisoner challenges the execution of his sentence rather than the validity of his conviction or sentence. *McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 811 (10th Cir. 1997). "[A] § 1983 action is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life, *but not to the fact or length of his custody.*" *Preiser v. Rodriguez,* 411 U.S. 475, 499 (1973) (emphasis added). When the legality of a confinement is challenged so that the remedy would be release or a speedier release, the case must be filed as a habeas corpus proceeding rather than under 42 U.S.C. § 1983. *Heck v. Humphrey*, 512 U.S. 477, 482 (1994); *see also Garza v. Davis*, 596 F.3d 1198, 1203 (10th Cir. 2010) ("The exhaustion of available administrative remedies is a prerequisite for § 2241 habeas relief, although we recognize that the statute itself does not expressly contain such a requirement.") (citation omitted)).

However, Plaintiff is not alleging that he is entitled to a speedier release, he is seeking money damages for allegedly overserving his 180-day sentence in Case No. 2024-CR-000061 by eight days. The online docket for Case No. 2024-CR-000061 shows that the case was filed on June 28, 2024, based on an offense date of June 25, 2024. *See State v. Hunter*, RC-2024-CR-000061 (District Court of Rice County, Kansas).

Plaintiff alleges that he should have received 20 days of jail credit for his time in custody at the Rice County Detention Center. The online records show that Plaintiff's arrest warrant was executed on July 1, 2024. Plaintiff was sentenced on July 12, 2024, as follows:

> the defendant is sentenced to the Rice County Jail for a period of six (6) months. Said sentence is suspended and the defendant is placed on 12 months of Court Services supervised probation. The defendant shall have no contact with the victim. The defendant's probation may be transferred to Reno County if accepted.

*Id*. at Sentencing Amended Journal Entry filed July 29, 2024; *see also id*. at Sentencing Journal Entry of Sentencing filed July 22, 2024. Plaintiff alleges that he should have received 20 days of jail credit from his arrest on July 1, 2024. His subsequent Arrest Warrant issued on December 31, 2024, for a probation violation states that Plaintiff "was assigned to the 20th Judicial District Court Services on July 12, 2024, for probation supervision by the Honorable Richard Burgess." *Id*. at Return of Service for Arrest Warrant filed January 16, 2025. That would suggest that Plaintiff was released to probation at his sentencing on July 12, 2024. If Plaintiff was released to probation on July 12, 2024, he would not have received more than 12 days of jail credit, thus showing he did not overserve his sentence by the 8 days alleged by Plaintiff. Plaintiff should clarify when he was released to serve his probation sentence in his Rice County case.

Plaintiff alleges that he served an additional 22 days from his arrest on March 27, 2025, until he posted bond on April 18, 2025. Plaintiff alleges that he then served 146 days of his sentence from May 6, 2025 to September 29, 2025. The online docket shows that Plaintiff failed to appear at the bond appearance hearing on May 5, 2025, and that he was incarcerated in the Reno County Jail. *Id*. at May 6, 2025 Minute Entry. The Return for Plaintiff's Bench Warrant states that he failed to appear for his probation violation hearing on May 5, 2025, and was arrested and served the warrant on July 18, 2025. The Return was filed on July 24, 2025.

It is unclear whether Plaintiff was in custody in the Reno County Jail until July 18, 2025, for a charge unrelated to his Rice County criminal case.[1] A Journal Entry dated August 4, 2025,

---

[1] Plaintiff has pending criminal cases in the District Court of Reno County, Kansas. Case No. RN-2025-CR-000245 was filed in Reno County District Court on April 3, 2025, and Case No. RN-2025-CR-000300 was filed on April 25, 2025. The drug charges appear to be unrelated to his case in Rice County. Plaintiff filed a Motion to Modify Bond in the Reno County cases on June 30, 2025. *See State v. Hunter*, Case Nos. RN-2025-CR-000245 and RN-2025-CR-000300 (District Court of Reno County, Kansas). The motion states that Plaintiff has been in custody since April 20, 2025. A Motion to Revoke Bond was filed in both Reno County cases on October 22, 2025. The motion claims that Plaintiff failed to report to the Court Services Office upon his release from custody on October 13, 2025.

found that Plaintiff admitted to the probation violation in his Rice County case, his probation was revoked, and he was "ordered to serve the original sentence of six (6) months with credit for time served" with Plaintiff receiving "39 days' jail credit for time served." *Id*. at Journal Entry Probation Violation filed August 5, 2025. This would provide for a release date around December 23 or 24, 2025.

It is not clear that Plaintiff's jail credit was improperly applied. Plaintiff was also in custody in the Reno County Jail for pending criminal charges in that county. Plaintiff should clarify whether there is any jail time credit that he alleges was not applied to *any* of his sentences.

### 3. Damages

Plaintiff seeks compensatory damages for pain and suffering and lost wages. Failure to allege a physical injury prohibits compensatory damages under 42 U.S.C. § 1997e(e). Section 1997e(e) provides that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act (as defined in section 2246 of Title 18)." 42 U.S.C. § 1997e(e).

"The plain language of the statute does not permit alteration of its clear damages restrictions on the basis of the underlying rights being asserted." *Searles v. Van Bebber*, 251 F.3d 869, 876 (10th Cir. 2001). "The statute limits the remedies available, regardless of the rights asserted, if the only injuries are mental or emotional." *Id*. (citing *Robinson v. Page,* 170 F.3d 747, 748 (7th Cir.1999)). *See Livingston v. Unified Gov't of Wyandotte Cty.*, 2023 WL 4560901, at *6 (D. Kan. July 17, 2023) ("The mere fact of detention is not a physical injury.").

This Court has cited *Turner v. Schultz*, where the court concluded that § 1997e(e) applied to the plaintiff's malicious prosecution claims in spite of the fact that he did not challenge prison

conditions. *Livingston v. Unified Gov't of Wyandotte Cty.*, 2023 WL 567201, at *3 (D. Kan. Sept. 1, 2023) (citing *Turner v. Schultz*, 130 F. Supp. 2d 1216, 1222–23 (D. Colo. 2001)). In *Turner*, where the plaintiff argued that the prosecution caused him "severe emotional stress and loss of enjoyment of life," the court held that:

> Mr. Turner first responds that the PLRA does not apply because his case is not based on prison conditions. I disagree. Two subsections of the statute refer specifically to suits "with respect to prison conditions." *See* 42 U.S.C. § 1997e(a) ("No action shall be brought *with respect to prison conditions* under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.") (emphasis added); 42 U.S.C. § 1997e(c)(1) ("The court shall on its own motion or on the motion of a party dismiss any action brought *with respect to prison conditions* under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility if the court is satisfied that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.") (emphasis added). However, the statute's provisions act independently. Although Congress restricted some clauses to prison condition suits, that provision does not apply in Mr. Turner's case. *See generally Archuleta v. Marshall,* No. 00–2033, 2000 WL 1005245 (10th Cir. July 20, 2000) (§ 1997e(e) applied to claim for use of excessive force although suit did not challenge prison conditions); *Hailey v. Kaiser,* No. 99–7046, 1999 WL 1009614 (10th Cir. Nov. 8, 1999) (§ 1997e(e) applied to claim for deliberate indifference to safety or security although suit did not challenge prison conditions); *Flanery v. Wagner,* No. 98–3235, 1999 WL 314615 (10th Cir. May 19, 1999) (§ 1997e(e) applied to alleged Fourth Amendment violation not involving prison conditions); *Craig v. Eberly,* 164 F.3d 490 (10th Cir.1998) (construing § 1997e(e) in accordance with the plain meaning of the section). I conclude that § 1997e(e) applies to Mr. Turner's malicious prosecution claims, although he does not challenge prison conditions.
>
> * * * *
>
> Because Mr. Turner has failed to show a physical injury in connection with his malicious prosecution claims, I dismiss those claims against Defendants Scott, King, Mooneyham, and Greco.

*Turner*, 130 F. Supp. 2d at 1223–24.

## IV. Response Required

Plaintiff must show good cause why his claims should not be dismissed for the reasons stated herein. Plaintiff should also advise the Court as to whether or not his state court proceedings remain pending, and if so, why the Court should not abstain from hearing claims related to those proceedings, or stay this case.  Failure to respond by the deadline may result in dismissal of this case without further notice.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff is granted until **January 2, 2026,** in which to show good cause, in writing to the undersigned, why Plaintiff's Complaint should not be dismissed for the reasons stated herein.

**IT IS SO ORDERED**.

**Dated December 4, 2025, in Kansas City, Kansas.**

<u>**S/  John W. Lungstrum**</u>
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**