IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**RAYMON LEVI HUNTER,**

    **Plaintiff,**

    v.                                                                                                    **CASE NO. 25-3215-JWL**

**RICE COUNTY, KANSAS,**

    **Defendant.**

## MEMORANDUM AND ORDER

On October 6, 2025, Plaintiff filed this pro se civil rights action under 42 U.S.C. § 1983. Although Plaintiff listed the Rice County Detention Center as his address on his Complaint, the Court changed Plaintiff's address to the Harvey County Detention Center based on his change of address submitted in Case No. 25-3186. *See Hunter v. Johnson*, Case No. 25-3186-JWL, Doc. 8 (Plaintiff's October 6, 2025 notice indicating he was being transferred to the Harvey County Jail). On October 22, 2025, Plaintiff submitted a change of address noting that he is now out of custody. The Court granted Plaintiff leave to proceed in forma pauperis. On December 4, 2025, the Court entered a Memorandum and Order to Show Cause (Doc. 9) ("MOSC") granting Plaintiff until January 2, 2025, to show good cause why his Complaint should not be dismissed for the reasons set forth in the MOSC. Plaintiff has failed to respond by the Court's deadline.

Plaintiff alleges that he was held in jail past his September 21, 2025 release date and was not released until September 28, 2025. (Doc. 1, at 2.) Plaintiff alleges that he was supposed to be released on September 21, 2025, at 3:00 am, after serving his 180-day sentence. *Id*. at 3.

Plaintiff attaches a sheet setting forth the days he was allegedly in custody for Rice County Case No. 24CR61 as follows:

> 20 days:  20 days credit in Rice County Detention Center
> 22 days:  Arrested March 27, 2025, held until April 18, 2025, then O/Red.
> 146 days: Served warrant for 24CR61 on May 6, 2025, held until September 29, 2025.
> _____
> Total 188 days

*Id*.  Plaintiff names Rice County, Kansas, as the sole defendant and seeks $10,500 for "pain and suffering and lost wages."  *Id*. at 5.

The Court found in the MOSC that it appears that Plaintiff's Rice County criminal case may still be pending.  Online records show that Plaintiff filed a document on October 30, 2025, requesting an extension of time to appeal his sentence in Case No. 2024-CR-000061.  The Court held that to the extent Plaintiff's claims relate to his state court proceedings in Rice County, Kansas, the Court would be prohibited from hearing Plaintiff's claims regarding his state court proceedings under *Younger v. Harris*, 401 U.S. 37, 45 (1971).  "[T]he *Younger* doctrine extends to federal claims for monetary relief when a judgment for the plaintiff would have preclusive effects on a pending state-court proceeding."  *D.L. v. Unified Sch. Dist. No. 497*, 392 F.3d 1223, 1228 (10th Cir. 2004).  A claim for monetary relief may be stayed pending the resolution of the pending criminal charges.  *See Garza v. Burnett*, 672 F.3d 1217, 1220 (10th Cir. 2012) (citing *Wallace v. Kato*, 549 U.S. 384, 393 (2007)); *Myers v. Garff*, 876 F.2d 79, 81 (10th Cir. 1989) (directing district court to stay claim for damages).

The Court ordered Plaintiff to show good cause why the Court should not abstain from hearing any claims that relate to pending state court proceedings in the District Court of Rice County, Kansas, and to also indicate if he is seeking a stay of this case.

The Court also set forth the calculations regarding Plaintiff's jail credit and noted that he also had pending criminal cases in the District Court of Reno County, Kansas.  Case No. RN-2025-

CR-000245 was filed in Reno County District Court on April 3, 2025, and Case No. RN-2025-CR-000300 was filed on April 25, 2025.  The Court found that it was not clear that Plaintiff's jail credit was improperly applied.  Plaintiff was also in custody in the Reno County Jail for pending criminal charges in that county.  The Court ordered Plaintiff to clarify whether there is any jail time credit that he alleges was not applied to *any* of his sentences.

The Court's MOSC provides that "[f]ailure to respond by the deadline may result in dismissal of this case without further notice."  (Doc. 9, at 10.)  Plaintiff has failed to respond and has failed to show good cause why this action should not be dismissed for the reasons set forth in the Court's MOSC.

**IT IS THEREFORE ORDERED BY THE COURT** that this matter is **dismissed without prejudice.**

**IT IS SO ORDERED**.

**Dated January 8, 2026, in Kansas City, Kansas.**

**S/ John W. Lungstrum**
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**